## Case No. 7,734.

KERRISON v. STEWART et al.

[1 Hughes, 67.][1]

Circuit Court, D. South Carolina. Dec., 1874.

PLEADING IN EQUITY — WHEN PLEA TO JURISDICTION ENTERTAINED — POWERS OF CERTAIN FEDERAL COURTS — REMOVAL OF CAUSES — LIEN OF JUDGMENT.

1. Though a plea to the jurisdiction of a United States district court for irregularity in the process, if taken, might have been sustained, yet if it was not taken, and the defendant appeared,

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

pleaded, and went to trial, and there was judgment after verdict, another United States court will treat the judgment as valid and binding.

2. When, by act of congress, a district court of the United States is invested with circuit court powers (see section 571, Rev. St. U. S.), it is not thereby constituted a circuit court, it possesses those powers only in the territory of the district named by the act of congress, and neither the justice for the circuit, nor the judge for the circuit of which the district is a part, can sit in such district court.

3. There is no authority of law for removing civil causes, irregularly brought in the circuit court of the United States proper for such district, into such district court.

[In equity. Edwin L. Kerrison and Herman Leiding, partners as Kerrison & Leiding, made an assignment for the benefit of certain creditors to Charles Kerrison, trustee. Subsequent to the assignment, A. T. Stewart & Co. obtained a judgment in the United States district court against Kerrison & Leiding, and then brought suit in the state courts to set aside the deed of assignment as fraudulent. In this suit Stewart & Co. were successful. After this Kerrison & Leiding were adjudged in the federal courts bankrupts. Stewart & Co. now claim a lien by virtue of their judgment upon the lands of the bankrupts which came into the hands of the bankrupts.]

BOND, Circuit Judge. In the year —— [1868], A. T. Stewart & Co. recovered a judgment in the district court for the Western district of South Carolina, which court by law is clothed with circuit court powers within that district, against Kerrison & Leiding, now in bankruptcy. Kerrison & Leiding, before the rendition of said judgment, had made a deed of assignment, for the benefit of certain creditors, which deed Stewart & Co. successfully assailed in the courts of the state as fraudulent [3 Rich. (N. S.) 266], and the judgment in that case, in which the trustees were parties defendant, bound the cestuis que trustent also. Kerrison & Leiding then applied for the benefit of the bankrupt act, and were adjudicated bankrupts subsequently to the date of the judgment recovered in the district court of the United States. Stewart & Co. claim to have a lien, by virtue of their judgment, upon the lands of said bankrupt which came into the hands of the assignee. This claim is contested because it is alleged that the record of the said judgment is irregular and imperfect, first, because the writ was tested in the name of the chief justice of the United States, though the writ was in a district court, and was made returnable before the clerk of the circuit court of the United States at Charleston, which is not within said district, who was likewise the clerk of said district court, instead of being returned to rules in the district court. There are other irregularities set forth in the statement of facts, which it is not necessary to notice, because notwithstanding them all

the defendants in this action appeared, pleaded, and went to trial before a jury of the district court of the Western district, without plea to the jurisdiction, and without any complaint or notice of the irregularities in question, or any of them. Under these circumstances, it must be considered that all errors in pleadings and all irregularities in the filings of the pleas or declarations, and of returns to the process, were waived, and if this were not so, there is no remedy for the defendants except by appeal or writ of error to set the judgment aside, or to reverse it. It cannot be inquired into in this collateral way.

I am of opinion that the judgment of Stewart v. Kerrison [Case No. 13,431] is a valid and subsisting one, and that they are entitled to be paid out of the proceeds of such of the real estate of the bankrupts as it was a lien upon, according to its priority. While the court refuses to set aside this judgment on account of the irregularities complained of, it cannot refrain from saying, for the benefit of the profession, that in its judgment a plea to the jurisdiction of the district court at Greenville would have been well taken. That court is not a circuit court. Neither the chief justice of the United States nor the circuit judge, who are required by law to hold circuit courts, can hold or assist in holding the district court for the Western district of South Carolina. That court, held by the district judge, has circuit court powers within the territory prescribed by law for its jurisdiction, which any person legally entitled may invoke at pleasure; but there is no authority at all for removing causes originally brought in the circuit court of the United States to that court, against the consent of parties, except in certain criminal cases at the instance of the district attorney. I am aware that the practice to do so prevailed for some time, but it has produced great confusion, and has no warrant in law.

[NOTE. An appeal from the decision of the circuit court was taken to the supreme court. Mr. Chief Justice Waite delivered the opinion of the court. The court, while not specifically passing upon the points above ruled on by Judge Bond, sustained the ruling of the circuit court holding that the judgment of Stewart & Co. was a prior lien. The learned chief justice was of opinion that upon the trial of the case in the state court by Stewart & Co. against the trustee and beneficiaries under the deed of assignment by Kerrison & Leiding to Charles Kerrison, trustee, and which suit was brought for the purpose of setting aside the said deed as fraudulent (Stewart v. Kerrison, 3 Rich. [N. S.] 266), that all the parties were before the court, and the defendants in this case intrusted their interests and defense to Charles Kerrison, the trustee, who in this suit resisted on behalf of all the defendants the suit of Stewart & Co. and the final entering of the decree adjudging the deed fraudulent. Says the learned chief justice: "It follows that the creditors are concluded by the decree of the state court; and that necessarily disposes of this case, without further inquiry as to the other important questions argued before us. The object of the suit in that

court was to avoid the deed to Charles Kerrison as against the judgment of Stewart & Co., and the decree was in accordance with the prayer of the bill. The validity of the judgment was necessarily involved in the suit; and the decree, as rendered, could not have been given except by establishing it." 93 U. S. 155.]

KERRISON (STEWART v.). See Case No. 13,431.

KERSHAW (NORTH v.). See Case No. 10,311.

KERSHNER (UNITED STATES v.). See Case No. 15,527.

KESSLER (UNITED STATES v.). See Case No. 15,528.